**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-6408**

———————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

CARLOS JAVIER MEDINA-CASTELLANOS,

          Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:05-cr-00155-F-1; 5:11-cv-00221-F)

———————

Submitted: September 30, 2015     Decided: December 2, 2015

———————

Before GREGORY, AGEE, and DIAZ, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Matthew McGavock Robinson, ROBINSON & BRANDT, PSC, Covington, Kentucky, for Appellant. John Samuel Bowler, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Javier Medina-Castellanos seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

Medina-Castellanos' § 2255 motion claims that his trial counsel was ineffective for failing to challenge a violation of Medina-Castellanos' rights under the Speedy Trial Act, and for giving Medina-Castellanos misadvice that caused him to plead not

guilty.* To demonstrate constitutionally ineffective assistance of counsel, a convicted defendant must prove both deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id.; see U.S. Const. amend. VI. To demonstrate prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

We agree with the district court that Medina-Castellanos' first ineffectiveness claim fails because no Speedy Trial Act violation occurred. As relevant here, the Speedy Trial Act requires the trial of a defendant charged in an indictment to begin within 70 days of the indictment's filing, subject to certain excludable delays. 18 U.S.C. § 3161(c)(1), (h) (2012). The pretrial delays in Medina-Castellanos' case, which resulted

---

* Medina-Castellanos also claims, for the first time on appeal, that his appellate counsel was ineffective for failing to challenge the district court's refusal to allow his trial counsel to withdraw. Because Medina-Castellanos did not raise this claim in his § 2255 motion, we decline to consider it. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

3

from the joinder of a codefendant, the codefendant's filing of several motions, and the court's grant of a continuance in the interests of justice, were all properly excludable in computing the 70-day period. See 18 U.S.C. § 3161(h)(1)(D), (6), (7)(A). Therefore, Medina-Castellanos' rights under the Speedy Trial Act were not affected by these delays, and his trial counsel was not ineffective for failing to raise this issue.

We further agree with the district court that Medina-Castellanos failed to establish ineffective assistance regarding his plea. It is clear from the record that Medina-Castellanos was persistently unwilling to admit he was guilty of any of the charged offenses. Thus, regardless of counsel's advice, pleading not guilty was Medina-Castellanos' only feasible option. Moreover, there is ample support for the district court's finding that Medina-Castellanos fully understood the significance of his plea and the penalties he faced if convicted. Without any evidence that different advice from counsel would have persuaded him to plead guilty, Medina-Castellanos cannot demonstrate prejudice, and his claim of ineffectiveness fails.

For these reasons, we conclude that Medina-Castellanos has not shown that reasonable jurists would find debatable the district court's assessment of his ineffective-assistance claims. Accordingly, we deny a certificate of appealability and

4

dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED